Clifford J. SNODGRASS and Floyd Kirk, Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15525.

Court of Criminal Appeals of Oklahoma.

Dec. 2, 1970.

Gene F. Mowery, Stilwell, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Jack Pratt, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Presiding Judge.

The defendants in error, Clifford J. Snodgrass and Floyd Kirk, hereafter referred to as defendants, were jointly charged in Adair County with three crimes, to-wit: [1] Case no. 2017, conjoint robbery of a victim named Fuson; [2] case no. 2016, forgery in the second degree; [3] case no. 2018, larceny of an automobile.

Upon pleas of guilty entered by each defendant to each respective charge, the Honorable E. G. Carroll, Judge of the District Court of Adair County, sentenced each defendant to 25 years in the penitentiary on the charge of conjoint robbery; and defendants were sentenced to five years on each of the other two charges, the sentences to run concurrently with the others.

At the sentencing the charge of conjoint robbery was read to the defendants by the county attorney; and, following the arraignments on the two additional charges, the county attorney recommended that the sentences therein be made to run concurrently with the first one. At the same time the recommendation was made by the county attorney, he explained to the court the aggravated nature of the offense and showed the court a statement by the victim's doctor as to the severity of the injuries suffered by the victim.

After defendants were transported to the penitentiary, they petitioned this Court for a writ of habeas corpus, each alleging: that they were severely beaten by officers after their arrest; denied access to counsel; waived preliminary hearing without the benefit of counsel, upon advice of the

county attorney; signed a coerced confession without benefit of counsel; entered a plea of guilty without benefit of counsel; that they were not advised of their constitutional right to appeal.

Because of the allegations in defendants' petitions for writs of habeas corpus, this Court ordered an evidentiary hearing to be conducted by the trial court, and to make findings of fact on the issues raised by defendants' petitions. Upon review of these proceedings the following facts were ascertained, to-wit:

The defendants were charged July 9, 1963 before Justice of the Peace Howard Waller; each defendant was allowed 24 hours to enter his plea; each defendant waived preliminary hearing; and each defendant was bound over for trial on the charges.

At the District Court arraignment the defendants were advised of their constitutional rights, including their rights to counsel; to a jury trial; to examine the evidence. Each of the defendants waived his right to counsel and his right to a jury trial, and thereafter, each defendant entered his own plea of guilty.

The transcript of the evidentiary hearing revealed no evidence of coercion, nor any indication that the pleas were coerced; instead, the record showed such pleas to have been voluntarily entered so the court entered the findings that the defendants entered their respective pleas of guilty freely and voluntarily and that the trial court had jurisdiction to impose judgment and sentence.

That record also showed that the court did advise each of the defendants of his right to appeal from the judgment and sentence imposed by the court, but the court failed to advise defendants that they had a right to have counsel perfect the appeal at state expense, if they were declared indigent. See Copenhaver v. State, Okl.Cr., 431 P.2d 669 [1967]; Wynn v. Page [C.C.

A. 10th Cir.], 369 F.2d 930, which requires appointment of counsel for appeal.

Thereafter, on the 30th day of July, 1969, this Court granted the defendants herein their right to appeal, in accordance with 22 O.S.Supp., 1968, § 1073, and Rule 25, of the Rules of this Court.

Defendants' positions in this appeal are that at the time of sentencing, the county attorney withheld information favorable to the defendants in violation of his obligation of full disclosure of matters of that nature; and, although urging complete reversal of their convictions, they also rely upon that allegation in order to urge modification of the sentence, contending that their sentences are excessive. We do not accept the defendants' position now attempting a denial of their pleas of guilty on the forgery charge, nor on the charge of larceny of an automobile; nor do we comprehend their efforts on this appeal to urge a new trial on those charges. In view of all facts before the Court, we refuse to interfere with the sentences in those two cases, either as to the voluntariness of their pleas, or as to the terms of punishment assessed.

Defendants' allegations that the trial court was without jurisdiction to try them on the robbery charge because of venue, is not substantiated. Defendants cannot now come into this Court and assert that the robbery was committed in some other county.

When defendants entered pleas of guilty to the robbery charge at their arraignment, they waived any question concerning venue; and submitted themselves to the jurisdiction of the court. In view of defendants' waiver, and the fact which can be reasonably concluded from the evidence adduced at the evidentiary hearing, the crimes were committed in Adair County where the defendants were charged. We conclude that Article 2, Section 20, of the Oklahoma Constitution was not violated concerning these defendants. Also, we

find no merit in the assignment of error concerning the county attorney's procedure in seeking to demonstrate to the trial court his reason for the sentence he recommended. The procedure is substantially that permitted in either aggravation, or mitigation of punishment set forth in 22 O.S.1961, § 973. At that hearing, defendants could have introduced contrary evidence if they had chosen to do so, but they did not.

Defendants' assignment of error, concerning the failure of the county attorney to divulge certain information he had in his possession advantageous to the defendants concerning the proceedings in aggravation of punishment, we find a significant matter which we consider of sufficient importance, in the proper administration of criminal justice, to warrant discussion.

The United States Supreme Court provided in Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314, as follows:

"The United States Attorney is the representative, not of an ordinary party to a controversy, but of a sovereignty whose interest, therefore, is not that it shall win a case, but that justice shall be done."

Also, we approve the language of the United States Court of Appeals [2d Cir.], in United States v. Zborowski, 271 F.2d 661, as follows, to-wit:

"The prosecutor must be vigilant to see that full disclosure is made at trial of whatever may be in his possession which bears in any material way on the charge of which the defendant is tried; it is in the long run more important that the government [whether state or federal] disclose the truth so that justice may be done than that some advantage might accrue to the prosecution toward insuring a conviction."

▮ In the present case, there is no question but that the prosecutor had the information which defendants aver was not disclosed; it was shown in the evidentiary hearing to have been contained in defendants' confessions which were not shown the trial judge at the sentencing. It is not enough to say that as the defendants revealed the facts in their confessions that they too had the information which could inform the court. These defendants were not then represented by counsel, and having made up their minds to "place themselves at the mercy of the court by pleading guilty without knowledge of any recommendation to be made by the prosecutor," were undoubtedly reluctant to interfere in otherwise uncontentious proceedings—even if they knew then that such information might have effected the sentence that the court was to impose. The right to remain silent is not only a legal right, but, often a natural inclination.

Not only do we hold that full disclosure of the whole truth is required by justice of the prosecutor, but we hold that the timing of the disclosure must be at such point in the proceedings to effect justice the most speedily; so it is not enough in this case that the prosecutor did finally disclose the conditions which could be advantageous to defendants—after we had ordered the evidentiary hearing; disclosures should have been made when they could have been considered by the trial court in assessing punishment. It was too late at the evidentiary hearing to affect the judgment of the sentencing judge when it would have been most favorable to the defendants. Full disclosure so as to effect justice implies timely disclosure, i. e., disclosure when it can be of consequence to the issues at hand. In this case, the disclosure should have been made in connection with the proceedings in aggravation of punishment. We observe in United States v. Zborowski, *supra*, the United States Court of Appeals modified the judgment and sentence from 25 years to 10 years and affirmed the same, under facts similar to this case.

The evidentiary hearing conducted in this case revealed that the trial judge did

not know that the defendants had been drinking with the victim and they were all intoxicated, which fact could have been divulged by the prosecutor by simply offering the full contents of the confessions of the defendants to the court. This would appear to have been proper under the circumstances at the time. Also, because the defendants did not have an attorney and were entering their pleas of guilty, the prosecutor had a duty to reveal all of the facts to the court, and not just those in aggravation of punishment. Fundamental fairness and a sense of justice required full disclosure by the prosecutor, considering all of the facts revealed at the evidentiary hearing which were known to him at time of trial. We doubt also that the prosecutor intentionally failed to provide the trial court the information. Nonetheless, the ends of justice require modification of the sentences imposed herein.

In the case of Jones v. State, 84 Okl.Cr. 81, 179 P.2d 484, this Court reduced judgment and sentence in an armed robbery case, in which the death penalty could have been assessed, from 30 years to 10 years, saying that each case must stand upon its own circumstances.

In the instant case, insofar as the classification of the crime committed conjointly by the defendants was second degree robbery, and considering also that the maximum punishment allowed by statute for second degree robbery is ten years, we hold that the judgment and sentence in case no. 2017 in Adair County, Oklahoma, wherein these defendants were each sentenced to 25 years in the penitentiary, should be, and the same is hereby, modified to 10 years in the penitentiary, with cases no. 2016 and 2018 to run concurrently with case no. 2017.

NIX, J., concurs.

BUSSEY, J., dissents.