James Donald HUDSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-74-177.

Court of Criminal Appeals of Oklahoma.

May 29, 1974.

Joe K. Page, Poteau, for appellant.

Larry Derryberry, Atty. Gen., Bill James, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

The appellant, James Donald Hudson, hereinafter referred to as defendant, was charged, tried and convicted in District Court, LeFlore County, Case No. CRF–73–69, for the offense of Burglary in the Second Degree After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1435. He was sentenced to serve a term of ten (10) years in the state penitentiary in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court.

At the defendant's trial, the State produced evidence which showed that a Mr. Doyle Shepard, on the night of June 4, 1973, entered a coin operated laundry which he owned and discovered the presence of three men, one of whom was engaged in replacing a coin box in a washing machine. Mr. Shepard testified that he told the man, "It looks like you're taking my money." To this one of the men, identified by Mr. Shepard as the defendant James Hudson, responded, "We are not about to take your money or anybody else's." Mr. Shepard then told the defendant that he intended to file charges against the men to which the defendant replied, "You are not about to do anything." (Tr 4) Following this exchange the three men left the laundry and drove away together. The defendant was the driver of the automobile. Mr. Shepard immediately located the patrol unit and told the officers what had occurred, furnishing them with the license number of defendant's automobile. That automobile was still in sight, although departing at a high rate of speed. The police officers in the patrol unit pursued the defendant's automobile with red light and siren operating for approximately four miles before they succeeded in forcing him to pull over. The officers testified that after they succeeded in stopping the automobile, they observed and seized an amount of loose change and a key which fit a "coin-op lock" such as those which secured the coin boxes in the machines at Shepard's laundry. After they arrested the three men, the officers returned to Mr. Shepard's laundry and with his assistance ascertained that money had been taken from the coin boxes contained in his machines.

The defendant brings only two assignments of error. He argues first that the evidence was insufficient to support the verdict of the jury for the reason that there was neither evidence that the defendant forcibly opened a machine to procure the money it contained, nor evidence that he aided or abetted in the commission of that offense.

While it is true that there is no direct evidence that the defendant, James Hudson, personally and directly opened a coin-operated machine, there is sufficient circumstantial evidence to support the conclusion that he did aid and abet in the commission of that crime. Title 21 O.S. 1971, § 172, provides:

"All persons concerned in the commission of crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals."

One's guilt as a principal in the commission of a crime by aiding and abetting within the meaning of § 172, may be shown by circumstantial evidence. See Henson v. State, Okl.Cr., 500 P.2d 859 (1972). In the instant case the defendant was present on the premises wherein the burglary was being committed. When discovered and challenged by the owner of those premises, it was he, the defendant, who spoke for the other men. It was he

who drove the car in which the three men tried to escape after being discovered. It is our opinion that this evidence was sufficient to support the conclusion of the jury that the defendant, James Hudson, aided and abetted in the commission of the burglary and was therefore guilty as a principal in the offense charged.

█ The defendant contends in his second proposition that the trial court erred in refusing to grant him a separate trial. He argues that he was prejudiced by being tried jointly with co-defendants Robert Hudson and Johnny Lee Willie for the reason that evidence of the acts of those co-defendants would not have been admissible in evidence against him in a separate trial and that, therefore, his conviction in such a trial would have been impossible. In this regard defendant wholly misapprehends the law. One who voluntarily participates with others in a common design or scheme to commit a crime cannot escape responsibility for the acts of his co-conspirators done in furtherance of that design upon the ground that he did not personally and directly do the act which constituted the offense. See Hall v. State, Okl.Cr., 503 P.2d 229 (1972). There is, therefore, no doubt that evidence of such acts of this defendant's co-conspirators would have been admissible against him in a separate trial for the same offense.

██ The granting of a severance for trial is a matter within the sound discretion of the trial court. Absent a showing that prejudice resulted to the defendant from a refusal to grant a severance, the Court of Criminal Appeals will not disturb the ruling of the trial judge on that matter. Ferguson v. State, Okl.Cr., 489 P.2d 523, 525 (1971). We conclude that the trial judge in the instant case in no way abused his discretion in refusing to grant the defendant a separate trial.

For the above and foregoing reasons, we are of the opinion that the judgment and sentence appealed from should be, and the same hereby is, affirmed.

BLISS, P. J., and BUSSEY, J., concur.