Walter Lee SMITH, II, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–308.

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1976.

J. R. Settle, Muskogee, for appellant.

Larry Derryberry, Atty. Gen., Frank Muret, Asst. Atty. Gen., Douglas L. Combs, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Walter Lee Smith II, hereinafter referred to as the defendant, was charged in the District Court, Muskogee County, case No. CRF–75–258, with the offense of Robbery by Force, After Former Conviction of a Felony in violation of 21 O.S.1971, § 791. He was tried by a jury, convicted and punishment was fixed at fifty (50) years' imprisonment. From said judgment and sentence, a timely appeal has been perfected to this Court.

The State's first witness was John M. Smith, who resides in Oklahoma City. He testified that on August 14, 1975, while en route from Oklahoma City to Eufaula and points East, he stopped his car at the intersection of I–40 and I–35 to check his tires. While stopped here, he was approached by the defendant who requested a ride east on I–40. While in transit, the defendant produced a knife and forced the witness to let him drive. Subsequently, the defendant struck him in the face at various times and demanded money. The defendant also threatened to kill him several times.

Finally, shortly after he gave the defendant One Hundred Dollars ($100.00) from his wallet, the witness was able to grab the car keys, throw them from the car, and then jump out while the car was still moving. He caught a ride to the Biscuit Hill Cafe, where the highway patrol was notified. He was then driven by a service station operator back to the scene where the car had been abandoned by the defendant, after Mr. Smith had thrown the car keys out the window. But before reaching their objective, they encountered the defendant on the shoulder of I–40 whereupon he was confronted by this witness. At this time, a highway patrol vehicle arrived and the defendant was arrested. This witness identified State's Exhibits Nos. 1 & 2, a watch and green knapsack, respectively, as having been on the defendant's person when he gave him a ride and which were taken from the defendant upon his arrest. Also, pictures of the defendant's wounds and a bloody shirt, tie, and T-shirt were introduced into evidence.

The State then called John Hediger, the operator of the Fina Station located at I–40 and Highway 100, who had accompanied John Smith at the time he re-encountered the defendant. This witness' testimony substantially corroborated that of John Smith.

The State's final witness was Officer Gary Rogers, Patrolman for the Oklahoma Highway Patrol, who testified as to his arrest of the defendant. He then identified Exhibits Nos. 1 & 2, as items which were in possession of the defendant when arrested.

At this point the State rested and the defense presented its case.

The defense first called Mack Tiger, who lives in Tulsa, Oklahoma. He testi-

fied that he became acquainted with the defendant in April of 1975. On the morning of August 14, 1975, the defendant was at his room in the Ambassador Hotel and was last seen by this witness at 4:00 or 4:30 a. m. on that same morning at which time this witness went to sleep.

The defendant then testified in his own behalf. He denied that he was in Oklahoma City on the day in question. According to the defendant, he left the Ambassador Hotel at 5:30 a. m. and hitchhiked south from Tulsa on Highway 67 to a point below Henryetta where he picked up I–40 and proceeded west. He testified that he first saw John M. Smith when he was confronted by him on the shoulder of I–40 and subsequently arrested by Officer Rogers. The defendant admitted that he had been convicted of two prior felonies in Arkansas. The first conviction was for "burglary and grand larceny" and subsequent conviction was for "writing hot checks." He received a suspended sentence for each of the prior convictions.

■ The defendant's first assignment of error is that the punishment imposed was excessive as a result of prejudice by remarks made by the prosecution in opening and closing statement. However, this Court need not address the alleged error in the opening statement since the defense did not make timely objection in the trial court. In *Hardin v. State*, Okl.Cr., 540 P. 2d 1204 (1975), a similar case wherein improper comments were made by the prosecution in closing argument, this Court held that any objectionable statement by the prosecution should be called to the attention of the trial court by timely objection and by failing to do so, the defendant waives any objection unless the remarks in the instant case are so fundamentally prejudicial that the court cannot, by instructions to the jury, correct such error. Also see *McCall v. State*, Okl.Cr., 539 P.2d 418 (1975). Upon a review of the record, we find that the prosecutor's statement did not constitute fundamental error.

■ However, the defendant did make timely objection to the statement made by the prosecution during closing statement in the second stage of the trial (Tr. 153) wherein the trial record reads as follows:

"MR. RICHARDSON: . . . But, at any rate, ladeis (sic) and gentlemen, I would like to point this out as a part of the closing argument; this young man here testified that he was convicted or pleaded guilty to writing hot checks, and he got a deferred sentence—

"MR. SETTLE: I object to him arguing that. That's not part of this proceeding, that plea of guilty—

"THE COURT: Sustained. . . . I will admonish the jury not to consider the statement of counsel just made as to the checks or check charge; it isn't a part of this trial."

While the charge for writing hot checks should not have been mentioned in this stage of the trial since not included in the information charging After Former Conviction, this Court finds that the Court's admonition to the jury to disregard the State's reference to the defendant's conviction for writing hot checks cured any error which might have arisen. As this Court stated in *Kitchens v. State*, Okl.Cr., 513 P. 2d 1300 (1973):

". . . The court's admonition to the jury not to consider the remarks of counsel, or a witness, usually cures an error unless it is of such a nature after considering the evidence that the error appears to have determined the verdict. See *Goodwin v. State*, Okl.Cr., 506 P.2d 571."

Since the defendant had already testified in his own behalf, during the first stage of the trial, to said conviction, the Court's admonition should be more than sufficient to insure that such fact would not affect the jury's assessment of punishment.

■ Finding no merit in the assertions of prejudice contained in the defendant's

brief, we cannot find that the sentence assessed in this case was so excessive as to shock the conscience of this Court, after consideration of the nature and circumstances of the crime committed here and the fact that the defendant had prior felony convictions.· This Court has consistently followed the rule as stated in the Fifth paragraph of the syllabus to *Johnson v. State*, Okl.Cr., 386 P.2d 336 (1963) that:

"The question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the court."

Also see *Poke v. State*, Okl.Cr., 515 P.2d 252 (1973).

For the above reasons we find the defendant's first assignment of error to be without merit.

■ The defendant's second assignment of error is that the court erred in overruling the demurrer of the defendant to the evidence produced by the State because the State failed to prove defendant's guilt beyond a reasonable doubt. He bases this contention on the fact that the defense's evidence, if given credence by the jury, showed that the defendant was never in Oklahoma City and therefore conflicted with that of the State. This Court has consistently held that where there is any competent evidence tending to sustain the allegations of the information, the Court should not sustain a demurrer to the evidence. *Terhune v. State*, Okl.Cr., 530 P.2d 557 (1974), *Dorrough v. State*, Okl.Cr., 452 P.2d 816 (1969). This Court went on to state in *Terhune v. State*, supra, that:

". . . It is the province of the jury to weigh the evidence and determine any conflicts therein."

For the above reasons we find the defendant's second assignment of error to be without merit.

■ The defendant's final assignment of error is that the District Court, Muskogee County, had no jurisdiction. He bases this contention on the assertion that the State failed to prove that the alleged crime was committed within the territorial limits of Muskogee County. However, this Court need not address this question since it was not properly preserved in the court below. While it is true that Okla.Const., Article 2 § 20 gives the accused in all criminal prosecutions the right to be tried in a county in which the crime was committed, this section clearly refers to this as a venue of question.[1] Furthermore, this Court stated in the first two paragraphs of the syllabus to *Henson v. State*, Okl.Cr., 317 P.2d 732 (1957):

"Right guaranteed by State Constitution to trial in county where offense was committed relates to venue, rather than jurisdiction, and may be waived by failure to make objection at or before trial, preventing raising of question on appeal or in habeas corpus proceeding.

"Defendant in criminal case may waive any right not inalienable given him by statute or the constitution, which can be relinquished without affecting the rights of others, and without detriment to the community at large; and such waiver may be made either by express agreement or by conduct, or by a failure to insist upon the right in seasonable time."

Also see *Application of Poston*, Okl.Cr. 281 P.2d 776 (1955).

---

1. However, this section as amended by State Question No. 401, Referendum Petition No. 132, adopted September 12, 1961, also provides that where uncertainty exists as to the county in which the crime was committed, the accused may be tried in any county in which the evidence indicates the crime might have been committed.

Further, this Court has ruled that unless the question of proper venue is put in issue during the trial, this Court will not address it upon appeal. See *Snodgrass v. State*, Okl.Cr., 478 P.2d 965 (1970) and *Burns v. District Court of Oklahoma County*, Okl.Cr., 335 P.2d 923 (1959). So, we find the defendant's final assignment of error to be without merit. For the above and foregoing reasons, we affirm the judgment and sentence of the court below.

BRETT, P. J., and BLISS, J., concur.