Robbie Suzanne ROTH, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–86–628.

Court of Criminal Appeals of Oklahoma.

Sept. 19, 1988.

Lisbeth L. McCarty, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Randy J. Malone, Legal Intern, Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Robbie Suzanne Roth, was tried by jury and convicted of two counts of Solicitation for Prostitution (21 O.S.1981, §§ 1029–1030) in the Comanche County District Court, Case Nos. CRM–85–349 and CRM–85–372, before the Honorable Peter Clinton Moore, District Judge. The jury set punishment at six (6) months for each count, to run consecutively. Judgment and sentence was imposed accordingly. From this, appellant has perfected her appeal.

On July 24, 1985, Vincent Milewski, working as an agent for the Lawton Police Department and equipped with a body microphone, drove to an area frequented by prostitutes. Milewski was followed by two police officers who monitored his conversations. He was approached by a black woman who instructed him to drive to 105 Dearborn. When they arrived, appellant approached the vehicle and told Milewski that she would give him "a straight f—k for thirty dollars." Upon hearing this conversation, the two police officers arrested both women.

On August 3, 1985, the Lawton Police Department wired another agent, John Sanders, with a body microphone. While being followed by two police officers, he also drove into an area frequented by prostitutes. Appellant approached him and asked him how much money he had to

spend. He replied that he had thirty dollars. She asked him to follow her to 105 Dearborn. Upon their arrival, she asked Sanders to come inside so she could show him a "good time" and give him some "good loving." Sanders entered the house with her, but became frightened and left immediately. At that time, two officers arrived and arrested appellant.

As her first assignment of error, appellant argues that 21 O.S.1981, § 1030 is unconstitutional because it is overbroad and vague. Section 1030, which gives the statutory definition of prostitution, reads as follows:

> The term "prostitution" as used in this act shall be construed to include the giving or receiving of the body for sexual intercourse for hire, and shall also be construed to include the giving or receiving of the body for indiscriminate sexual intercourse without hire.

Appellant urges this Court to hold Section 1030 unconstitutional based on the nebulous and indefinite language "indiscriminate sexual intercourse without hire."

We find it unnecessary to address this question insofar as appellant was charged with soliciting for prostitution by offering **sexual intercourse for hire.** Generally, a person to whom a statute may be constitutionally applied cannot be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to other individuals in situations not before the court. *Broadrick v. Oklahoma,* 413 U.S. 601, 610, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830 (1973). This general principle allows this Court to focus on the facts at hand rather than forcing a determination on a hypothetical situation. *New York v. Ferber,* 458 U.S. 747, 769, 102 S.Ct. 3348, 3360, 73 L.Ed.2d 1113 (1982). Although there is a limited exception to this general rule, the exception applies in cases where the questioned statute imposes a restriction on speech and is substantially overbroad. Appellant does not contend that this exception applies in her case. Thus, appellant does not have standing to challenge the particular language in question because she was not charged with soliciting "indis-

criminate sexual intercourse without hire." Rather, she was charged and convicted of soliciting by offering sexual intercourse for hire.

In her second proposition, appellant contends that the evidence was insufficient to convict her of soliciting for prostitution. When determining whether the evidence is sufficient to uphold appellant's conviction, this Court will decide, after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the charged crime beyond a reasonable doubt. *Spuehler v. State,* 709 P.2d 202, 203 (Okla.Crim.App.1985). In support of the first count of solicitation, the State presented the testimony of two Lawton police officers. Both stated that appellant approached Milewski and offered a "straight f—k for thirty dollars." They also testified that the house located at 105 Dearborn was known to rent rooms to prostitutes for thirty-minute intervals. Clearly, there was sufficient evidence to support the jury's finding of guilt.

As to the second count of solicitation, the evidence presented reveals that appellant offered Sanders a "good time" and some "good loving." Both police officers explained that the terms "good time" and "good loving" were phrases often used by prostitutes when attempting to solicit business. Sanders also testified that after he became scared and left the house at 105 Dearborn, appellant was angry because he had wasted twenty minutes of her time and asked him for five dollars to make up for the lost time. Applying *Spuehler,* we believe that a rational trier of fact could have found all the essential elements of the crime for which appellant was charged. Accordingly, this assignment is without merit.

Appellant's final proposition of error deals with the joinder of the two counts of solicitation. Appellant argues that the trial court erred in overruling the defense counsel's objection to joinder. Absent a clear abuse of discretion by the trial court, this Court will not disturb the ruling of the lower court. *Nunley v. State,* 660 P.2d

1052, 1056 (Okla.Crim.App.1983), *cert. denied,* 464 U.S. 867, 104 S.Ct. 205, 78 L.Ed. 2d 179 (1983); *Hudson v. State,* 522 P.2d 1044, 1046 (Okla.Crim.App.1974). This Court encourages the joinder of as many offenses as permissible in order to promote judicial economy. *Vowell v. State,* 728 P.2d 854, 857 (Okla.Crim.App.1986).

Joinder of separate offenses is permitted if the separate offenses are part of a series of criminal acts or transactions. *Plunkett v. State,* 719 P.2d 834, 838 (Okla.Crim.App. 1986), *cert. denied,* 479 U.S. 1019, 107 S.Ct. 675, 93 L.Ed.2d 725 (1986). Where the offenses are similar in character, occur over a relatively short time period and the evidence used overlaps, joinder is generally appropriate. *See Vowell,* 728 P.2d at 857; *United States v. McClintic,* 570 F.2d 685, 689 (8th Cir.1978). In the present case, appellant was charged with two separate counts of solicitation. The events giving rise to these charges occurred within ten days of each other. Both took place at the same location, and in each, appellant was arrested by Officer Whitis. Officer Whitis testified at trial as to both counts. Thus, we cannot say that the trial court abused its discretion by allowing joinder of these two counts. Appellant's assignment is without merit.

For the reasons discussed above, the judgment and sentences are AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.