Roger A. RAINEY, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–86–291.

Court of Criminal Appeals of Oklahoma.

April 1, 1988.

Rehearing Denied May 26, 1988.

Anne M. Moore, Sp. Counsel Appellate, Public Defender's Office, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Wellon B. Poe, Jr., Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Roger A. Rainey, was tried in the District Court of Osage County, in Case No. CRF–83–115, for six (6) counts of Obtaining Merchandise by Bogus Check After Former Conviction of a Felony and was convicted on five (5) of the six (6) counts. Punishment was set at ten (10) years imprisonment for each count to run consecutively.

In the summer of 1983, the appellant owned and operated a business in Hominy, Oklahoma, known as Roger Rainey Enterprises. He sold T-shirts, caps and sportswear, which he purchased from wholesalers and decorated with decals and other printing techniques after receiving orders from his customers. In June and July, 1983, the appellant purchased baseball caps from a wholesaler in Cape Girardeau, Missouri, Civic Supply Company, which were shipped by United Parcel Service (UPS) on cash on delivery terms. The five checks written by the appellant which were used to purchase the baseball caps, totalling some $8,800.00, were not paid by the appellant's bank because he had insufficient funds in his account to cover the checks. Civic Supply Company then contacted the Osage County District Attorney's Office,

which filed the charges that led to the appellant's conviction.

In his first assignment of error, the appellant alleges that because he was charged by information on September 6, 1983, and was not brought to trial until September 23, 1985, that he was denied his constitutional right to a speedy trial. In determining whether a defendant has been deprived of such a right, this Court has adopted the balancing test set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Among the factors to be considered are the length of the delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant arising out of the delay. However, while these are not absolute factors, each must be balanced with other relevant circumstances in reaching a decision. *Simpson v. State*, 642 P.2d 272 (Okl.Cr.1982).

Applying the criteria of *Barker* to the facts of this case, the lapse of time between the filing of the information to the day of the appellant's trial was two years and three weeks. In determining the reason for such a delay, we initially note that the record is incomplete concerning who suggested the numerous continuances and the reasons for each. It is apparant that on September 16, 1983, that the appellant himself sought a continuance before his preliminary hearing while he attempted to secure counsel. He ultimately retained Steven Lowery as his counsel to represent him, preliminary hearings were conducted and the appellant was bound over for trial, set in April, 1984. In March of 1984, Mr. Lowery filed his first motion to withdraw as attorney of record which was denied. In April of 1984, the appellant was arraigned on the charges now on appeal and his prior 1983 suspended sentences for five (5) counts of Obtaining Merchandise by Bogus Check, in Case No. CRF–83–33, were revoked in part. He had originally received a three year suspended sentence on each count to run concurrently. The court ordered the appellant to serve one year in prison and suspended his sentences the next two years on the three-year sentences

on each count that had been ordered to run concurrently. The reason for the partial revocation was the appellant's failure to make restitution as agreed.

Mr. Lowery represented the appellant at the arraignment and revocation hearing. From April, 1984, until October, 1984, numerous requests for continuances were granted the appellant. In November, 1984, Mr. Lowery filed his second motion to withdraw as attorney of record which resulted in a misunderstanding as to whether his motion was denied at that time. It was Mr. Lowery's understanding that his motion was overruled at that time until the appellant could appear with new counsel. Upon checking with the Court Clerk's Office at a later date, Mr. Lowery was of the opinion that Gene Seigel had taken the case; therefore, he believed he was released from his obligation.

However, in February, 1985, neither the appellant nor Mr. Lowery appeared at a felony sounding docket, and the court ordered the appellant's bond forfeited and issued a bench warrant. Subsequently, the appellant filed a complaint with the Oklahoma Bar Association against his attorney for failure to appear at the hearing. The case was again set for trial, but continued because of the pending bar complaint. In May, 1985, the appellant called Mr. Lowery, who advised him that he would not represent him at trial. In July, the appellant filed pro se demurrers and motions to dismiss his case for failure to prosecute. He was ultimately placed in a higher security status in prison because of the bench warrant. A withdrawal hearing was held in August, 1985, during which the trial court once again heard Mr. Lowery's motion to withdraw as attorney of record. At the hearing, the appellant expressed that he still wanted Mr. Lowery to represent him, regardless of his bar complaint against him. Mr. Lowery then expressed that because he harbored very ill feelings toward the appellant, he could not effectively represent his interests. This was due not only to the bar complaint against him but also because of the thousand dollars worth of bogus checks written by the appellant to his attorney for payment of his

services and the appellant's inability to follow counsel's advice. The court initially denied Mr. Lowery's request but then reversed itself after the State joined Mr. Lowery in requesting that he be permitted to withdraw. Subsequently, counsel was appointed for the appellant, and the trial was held on September 23, 1985. We are of the opinion that in light of the aforementioned facts, the lapse of time before the appellant's trial was not deliberate or in bad faith on behalf of the State but was largely the result of the appellant's own actions and was understandable, given the circumstances. *Bristow v. State*, 644 P.2d 118 (Okl.Cr.1982).

Thirdly, we take notice of the fact that the appellant affirmatively asserted his right to a speedy trial through numerous timely motions on his own behalf.

The final factor to be considered is whether the appellant was prejudiced by the delay. As stated by the Supreme Court in *Barker*, supra, prejudice should be assessed in light of the three specific interests of the defendant which the right to speedy trial is designed to protect: 1) to prevent oppressive pretrial incarceration; 2) to minimize anxiety and concern of the accused; and 3) to limit the possibility that the defense will be impaired. 407 U.S. at 532, 92 S.Ct. at 2193.

In the instant case, we cannot see how the delay has actually harmed the appellant's position. During the time in question, the appellant was serving time in an Oklahoma prison which resulted not from the present case but from a revoked suspended sentence for a prior felony conviction for the same offense. Therefore, no oppressive pretrial incarceration for this charge occurred. Moreover, since the appellant was in prison for the commission of subsequent crimes, it is unlikely that the lapse of time complained of increased the appellant's level of anxiety and concern. Balancing all of these factors together with the other relevant circumstances, we hold that the appellant was not prejudiced by the delay of time, or if he was, the prejudice resulted from his own actions. The

appellant was not denied a speedy trial; therefore, this assignment is without merit.

 Next, the appellant contends that the trial court committed reversible error in failing to give his requested instruction that would permit the jury to consider evidence that the checks to Civic Supply Company were for past sales, and therefore did not fall within the acts proscribed by 21 O.S.1981, § 1541.2. It is a well established rule that the determination of which instructions shall be given to the jury is a matter within the discretion of the trial court provided that the instructions given fairly and accurately state the applicable law. *Nunley v. State*, 660 P.2d 1052 (Okl.Cr.1983). Absent an abuse of such discretion, we will not disturb the lower court's ruling. Finding no abuse of discretion, this assignment is without merit.

The judgments and sentences are AFFIRMED.

BRETT, P.J., and PARKS, J., concur.