Dale CONLEY, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. O-90-0585.

Court of Criminal Appeals of Oklahoma.

Sept. 18, 1990.

## ORDER DENYING PETITION

On May 31, 1990, petitioner filed with this Court a Petition for Temporary Injunction and Temporary Order in which he alleges that he has been denied his constitutional right to a speedy trial in *State v. Dale Conley*, CRF–86–113, District Court of Osage County. He alleges that the State has failed to prosecute this case for a period of forty-one (41) months, and therefore, the charges against him should be dismissed.

This Court directed a response from the State to this petition on July 23, 1990, which was timely filed. In that response, the State concedes that there was a delay of approximately thirty-two (32) to thirty-four (34) months. However, it asserts that the reason for the delay was negligence and not a deliberate attempt to stall the prosecution of this case. According to the records filed by both parties in this matter, the case has proceeded as follows:

1. July 25, 1986—petitioner appeared before a magistrate on charges of carrying a prohibited firearm, after three prior felony convictions. Bond was set at $5,000.

2. July 28, 1986—petitioner was released on bond.

3. August 27, 1986—preliminary hearing scheduled, but postponed because petitioner checked himself into an alcohol treatment center.

4. September 22, 1986—preliminary hearing scheduled for 10–30–86.

5. October 30, 1986—preliminary hearing rescheduled for 1–6–87 because petitioner's attorney was not present.

6. January 6, 1987—preliminary hearing conducted. Petitioner demurred at the close of the state's case. Magistrate calls for briefs from both parties and continues hearing until 2–6–87.

7. January 9, 1987—hearing scheduled for 2–6–87 is continued to 3–12–87.

8. March 12, 1987—upon petitioner's request, hearing scheduled for 3–12–87 is continued to 4–29–87.

9. April 28, 1987—upon petitioner's request, hearing scheduled for 4–29–87 is continued to 7–16–87.

10. July 6, 1987—petitioner's motion to dismiss set for hearing on 7–30–87.

11. July 30, 1987—upon petitioner's request, and over objections by the State, hearing scheduled for 7–30–87 is continued to 8–24–87.

12. August 24, 1987—petitioner's demurrer and motion to suppress are denied.

13. April 10, 1990—State files an application to set case for jury trial.

14. May 21, 1990—petitioner files motion to dismiss for lack of speedy trial.

15. June 18, 1990—petitioner bound over for trial.

16. July 17, 1990—petitioner appears in court for formal arraignment.

■ This Court has adopted the balancing test enunciated by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to determine if a defendant has been deprived of the right to a speedy trial. Four factors that are consistently part of the balancing test are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *Id.*, 407 U.S. at 530, 92 S.Ct. at 2192. These are not absolute factors, but are balanced with other relevant circumstances in making a determination. *Rainey v. State*, 755 P.2d 89 (Okl.Cr.1988).

■ First, we consider the length of delay, which, at this point, has been almost three years. The length of this delay is substantial so as to require inquiry into the other factors as set out in *Barker*. *Henderson v. State*, 743 P.2d 1092 (Okl.Cr. 1987). Second, the reason offered by the State must be lawful and in good faith. *State ex. rel. Trusty v. Graham*, 525 P.2d 1231 (Okl.Cr.1974). The State submits that the delay of thirty-two months was the result of mistake or neglect, which the Supreme Court in *Barker* characterized as a neutral reason. However, it does not justify the delay "since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192.

The third factor to consider is whether the defendant asserted his right to a speedy trial during the length of the delay. From the beginning, petitioner has been free on bond. Petitioner claims that he sent a letter to the Osage County District Attorney on February 2, 1988, asserting his right to a speedy trial. The State claims that petitioner did not assert his right until after the district attorney's office discovered its error and renewed its prosecution on April 10, 1990. After a review of a copy of the docket sheet submitted by both parties, petitioner's letter dated February 2, 1988 does not appear to have been filed with the district court, therefore we cannot accept petitioner's bald assertions that he did assert his right to a speedy trial at that time.

Finally, we must consider whether petitioner has suffered any prejudice from this delay. Basically, petitioner claims that his reputation has been ruined and that he has suffered mental stress from the failure of the State to proceed with this case. He also claims that his defense has been prejudiced because one defense witness has died. While the death of a witness is an obvious prejudice, petitioner has failed to support his assertion by either the record or affidavits as to what the deceased witness might have testified about. *See Henager v. State*, 716 P.2d 669 (Okl.Cr.1986). Therefore, we cannot hold that petitioner's defense has been impaired by the death of this witness and it does not appear that petitioner's reputation has been "ruined" in any significant manner by the delay.

After considering the four factors previously discussed, we find that petitioner has

not been unduly denied his constitutional right to a speedy trial. Therefore, this petition must be denied and the case against this petitioner allowed to proceed as expeditiously as possible.

IT IS SO ORDERED.

/s/Ed Parks—dissent
   ED PARKS, Presiding Judge
/s/James F. Lane
   JAMES F. LANE, Vice Presiding Judge
/s/Tom Brett
   TOM BRETT, Judge
/s/Gary L. Lumpkin
   GARY L. LUMPKIN, Judge
/s/Charles A. Johnson
   CHARLES A. JOHNSON, Judge