1999 OK CR 48

**Jerry Lee DAVIS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F 98–697.**

Court of Criminal Appeals of Oklahoma.

Dec. 14, 1999.

Deborah Reheard, Sam Cox, Eufaula, OK, for Defendant at trial.

Christopher Wilson, Assistant District Attorney, OK, for State at trial.

Thomas Purcell, Appellate Defense Counsel, Indigent Defense System, Norman, OK, for Appellant on appeal.

W.A. Drew Edmondson, Attorney General, Alecia A. George, Aassistant Attorney General, Oklahoma City, OK, for Appellee on appeal.

## SUMMARY OPINION

LILE, Judge.

¶1 Appellant, Jerry Lee Davis, was tried by a jury and convicted of Larceny from a House in violation of 21 O.S.1991, § 1723 (count 1), Assault with a Dangerous Weapon

in violation of 21 O.S.1991, § 645 (count 2), and Larceny of an Automobile in violation of 21 O.S.1991, § 1720 (count 3), all After Two or More Felony Convictions, in the District Court of Pittsburg County, Case No. CF–96–626. In accordance with the jury's verdict, the Honorable Thomas M. Bartheld, Associate District Judge, sentenced Davis to twenty years imprisonment on count one, twenty-five years on count two, and twenty years on count three. From these judgments and sentences Davis has perfected his appeal.

¶ 2 Davis raises the following propositions of error in support of his appeal:

1. Appellant's conviction for three separate offenses, which all arose from a single transaction, violates the prohibitions against double punishment and double jeopardy.

2. Mr. Davis's second trial was barred by the double jeopardy clauses of the Oklahoma and United States Constitutions.

3. The evidence was insufficient to support Mr. Davis's conviction for larceny from a house.

4. Mr. Davis's confession should have been suppressed because the State failed to prove that the confession was voluntary, and because he was not brought in front of a magistrate until one month after his arrest.

5. Appellant's conviction must be reversed because the trial court erroneously rejected a requested defense instruction on the reliability of eyewitness identification testimony and the voluntariness of the confession, thus depriving Mr. Davis of his rights to a fair and impartial trial under the Due Process Clause of the Fourteenth Amendment and Article II, Section 7 of the Oklahoma Constitution.

6. Mr. Davis was denied due process by not receiving a speedy trial.

¶ 3 After thorough consideration of the entire record before us on appeal including the original record, transcripts, briefs and exhibits of the parties, we have determined that Davis's convictions and sentences should be **AFFIRMED.**

¶ 4 In reaching our decision we find, in proposition one, that Davis's convictions for all three offenses do not violate the prohibitions against double jeopardy. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932); *Rivers v. State*, 1994 OK CR 82, 889 P.2d 288, 292.[1] The *Blockburger* case sets forth the following test to be used to determine if the Double Jeopardy provision applies:

"[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 180.

¶ 5 Larceny from a House and Larceny of an Automobile each have elements that the other does not. Therefore, prosecution for both does not violate the Double Jeopardy provision of the Federal or our State Constitution.

¶ 6 As a separate matter, not involving double jeopardy issues, we must determine if the convictions violate the provisions of 21 O.S.1991, § 11, as Davis alleges. Davis cites *Hale v. State*, 1995 OK CR 7, 888 P.2d 1027, and argues that because he testified that his intent was to steal the purse in order to get the keys so that he could steal the vehicle, he can only be convicted of one offense.

¶ 7 In pertinent part Section 11 provides that:

"[A]n act or omission which is made punishable in different ways by different pro-

---

1. In cases of multiple punishment in a single trial, this Court utilizes the "same evidence" test (whether each offense contains an element not contained in the other). Further, in *Mooney v. State*, 1999 OK CR 34, ¶ 17, 990 P.2d 875, 70 O.B.J. 2412 (1999), this Court adopted "the United States Supreme Court's decision in *United States v. Dixon*, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), *overruling Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), and [did] away with the 'same transaction' test." The decision in *Mooney* requires us to review the crimes in question to determine if each contains elements that are not contained in the other.

visions of this code may be punished under either of such provisions, ... but in no case can it be punished under more than one...." 21 O.S.1991, § 11.

The crimes in this case were a series of separate crimes which are not prohibited by Section 11.

¶ 8 Davis's crime of larceny from a house was completed when he left the house with the purse with the intent to permanently deprive the owner thereof. The fact that he used the keys which were in the purse to facilitate the stealing of the vehicle does not cause the larceny from the house to merge into the larceny of a vehicle.

¶ 9 Davis's convictions do not violate Section 11 under a *Hale* analysis. However, the language in *Hale* has caused confusion as to what types of separate crimes violate Section 11. Our interpretation of Section 11 found in *Hale v. State*, 1995 OK CR 7, 888 P.2d 1027, is not only unclear, it is not based on proper statutory construction. Section 11 grants no greater protection than what is clearly spelled out in the language of Section 11.

¶ 10 *Hale* contains language that goes far beyond what the legislature intended. *Hale* states that Section 11 is violated when a defendant is convicted of two offenses, one of "which is (1) a mere means to some other ultimate objective, (2) a lesser offense included in some other offense, or (3) merely a different incident or facet of some primary offense." *Id.* at 1028. *Hale* wrongly expands the Section 11 prohibition to crimes which are mere means to some other ultimate objective, or part of some primary offense.[2]

¶ 11 This Court in *Hale* relied on *Clay v. State*, 1979 OK CR 26, 593 P.2d 509, 510, for the three prohibitions cited above. The offending language was first used in *Clay*. However, the language has no prior precedent in Oklahoma. The language in *Hale* has caused this Court, as well as countless attorneys and trial judges, to try and determine whether one crime is merely a means to some other objective or part of some primary offense. This struggle is unnecessary and unprecedented. Were we to continue with this "ultimate objective/primary offense" test, we would have the power to dismiss some crimes which "merely" tend to facilitate some ultimate crime, regardless of the nature of the crimes.[3] The legislature has not given us this power. Therefore, we specifically reject our prior cases which rely on an "ultimate objective" or "primary offense" test.

¶ 12 We have clear precedent holding that where there are a series of separate and distinct crimes, Section 11 is not violated. *Ziegler v. State*, 1980 OK CR 23, 610 P.2d 251, 254. In *Ziegler* the defendant was convicted of first degree burglary, rape, sodomy and unauthorized use of a motor vehicle. This Court held that the convictions did not violate Section 11 because the burglary was complete upon the forced entry with the intent to commit a crime and the crimes committed inside the residence were not necessary elements of burglary. *Id.*

¶ 13 The proper analysis of a claim raised under Section 11 is then to focus on the relationship between the crimes. If the crimes truly arise out of one act as they did in *Hale*,[4] then Section 11 prohibits prosecution for more than one crime. One act that violates two criminal provisions cannot be punished twice, absent specific legislative in-

---

2. This Court in *Hale* correctly applied Section 11 to the facts contained in *Hale*. In *Hale*, the defendant's convictions for two separate offenses arising out of one act violated Section 11, but would not have violated constitutional prohibitions of double jeopardy (elements test). The defendant's one act of forcible sexual intercourse with his sister could have been charged as incest or rape, but not both, because of Section 11. Another classic example of a proper Section 11 analysis is robbery with a firearm which could be charged as pointing a firearm or robbery with a firearm, but not both.

3. For example, a defendant steals a firearm that he intends to use to shoot someone. If he is convicted of larceny of the firearm and shooting another, following the language of *Hale*, we would have to dismiss the larceny count because the defendant merely took the firearm as a mere means to commit an ultimate objective: shooting another. Further, if an inmate commits a homicide during an escape, an analysis under Hale might lead to the improper conclusion that prosecution for both crimes would violate Section 11.

4. *Supra*, footnote 2 (for facts of *Hale*).

tent.[5] This analysis does not bar the charging and conviction of separate crimes which may only tangentially relate to one or more crimes committed during a continuing course of conduct.

¶ 14 Applying this analysis to the facts of this case we find Larceny from a House and Larceny of an Automobile to be separate and distinct crimes and Section 11 does not bar conviction and punishment for both. The proposition is denied.

■ ¶ 15 In proposition two, we find that the State did not "goad" Davis into moving for the mistrial, engage in bad-faith conduct, or even benefit from the mistrial; accordingly, double jeopardy did not bar Davis's second trial. *Napier v. State,* 1991 OK CR 120, 821 P.2d 1062, 1064–65. In proposition three, we find that there was sufficient evidence presented, when viewed in a light most favorable to the prosecution, so that the jury could have found the essential elements of larceny from a house. *Spuehler v. State,* 1985 OK CR 132, 709 P.2d 202, 203–04. In proposition four, we find that there was sufficient evidence to support the trial court's determination that Davis never invoked his right to counsel and his confession was voluntary. *LaFevers v. State,* 1995 OK CR 26, 897 P.2d 292, 298–99. We find in proposition five that the trial court did not err in refusing to give the cautionary eye witness identification instruction. *Robinson v. State,* 1995 OK CR 25, 900 P.2d 389, 404. We find that the trial court erred in failing to give the instruction regarding the voluntariness of a defendant's statement, OUJI–CR 2d, 9–12 (1996), howev-

er, the error was harmless considering the entire record. *Harger v. State,* 1983 OK CR 30, 665 P.2d 827, 830, *cert. denied,* 464 U.S. 837, 104 S.Ct. 126, 78 L.Ed.2d 123 (1985). We find in proposition six that Davis was not denied his right to a speedy trial. *Conley v. State,* 1990 OK CR 66, 798 P.2d 1088, 1089.

### DECISION

¶ 16 The Judgments and Sentences of the trial court are **AFFIRMED**.

JOHNSON, J., Concurs.

LUMPKIN, V.P.J., Specially Concurs.

STRUBHAR, P.J., and CHAPEL, J., Concur in Part/Dissent in Part.

STRUBHAR, Presiding Judge: Concurs in Part/Dissents in Part.

¶ 1 Although I agree with the majority's decision to affirm Appellant's Judgment and Sentence regarding Counts II and III, I dissent to the decision to affirm Count I. I would find that Appellant's argument in Proposition I is meritorious, holding that Appellant's convictions for both Larceny from a House and Larceny of an Automobile violated the statutory prohibition against double punishment under 21 O.S.1991, § 11. The evidence presented at trial supported the finding that Appellant stole the purse from the house with the ultimate objective of taking the truck keys from it and stealing the truck. This holding is supported by this Court's analysis of section 11 in *Hale v. State,* 1995 OK CR 7, 888 P.2d 1027.

---

5. For example, Violation of a Protective Order is punishable by imprisonment and/or fine. Title 22 O.S.1991, § 60.6. This statute specifically provides that "the provisions of this subsection shall not affect the applicability of Sections 644, 645, 647 and 652 of Title 21." This is permissible under a *Blockburger* double jeopardy analysis.

   In *Albernaz v. United States,* 450 U.S. 333, 340, 101 S.Ct. 1137, 1143, 67 L.Ed.2d 275 (1981), the United States Supreme Court stated "[t]he *Blockburger* test is a 'rule of statutory construction,' and because it serves as a means of discerning congressional purpose the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent." In *Missouri v. Hunter,* 459 U.S. 359, 368–69, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983), the Supreme Court said: "Where, as here, a legislature

specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger,* a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial."

   Likewise, evaluation under Section 11 would not prohibit prosecution for violation of a protective order in addition to prosecution for a violation of an underlying assault charge because the legislative enactment concerning protective order violations was enacted after Section 11 and is controlling, *Ritchie v. Raines,* 1962 OK CR 101, 374 P.2d 772, and is further the more specific provision. *Ex parte Smith,* 95 Okl.Cr. 370, 246 P.2d 389 (1952).

¶ 2 Although the majority states that its decision to uphold each of the larceny convictions is supported by an analysis under *Hale*, it goes on to criticize *Hale*, rejecting much of the language found therein. The majority claims, without recitation of authority, that *Hale* is not based upon proper statutory construction and contains language which goes beyond what the legislature intended. It rejects as unfounded the language in *Hale* which holds that section 11 prohibits double punishment for crimes which are mere means to some other "ultimate objective," or part of a "primary offense." The majority dismisses this language as having no precedent in Oklahoma. In so ruling, the majority has disregarded a significant line of cases dating back to 1971, in which this Court utilized the language to which the majority objects. A thorough reading of *Hale* reveals that these cases are noted therein. *See Hale*, 1995 OK CR 7, at ¶ 3, n. 1, 888 P.2d at 1028, n. 1.

¶ 3 A review of these early cases reveals that this Court gave significant consideration to its statutory construction of section 11. The Court noted in *Shackelford v. State*, 1971 OK CR 49, 481 P.2d 163, that California had enacted a code provision identical to section 11. The Supreme Court of California had ruled in *Neal v. State*, 55 Cal.2d 11, 9 Cal. Rptr. 607, 611, 357 P.2d 839, 843–44 (1960), that under the California statutory prohibition against double punishment, "[i]f all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." In *Shackelford*, 1971 OK CR 49, at ¶¶ 5–8, 481 P.2d at 165, this Court found this statutory construction to be sound and persuasive. Accordingly, I find that the majority's rejection of this Court's analysis in *Hale* is unnecessary to the disposition of this case and is not based upon established precedent.

LUMPKIN, Vice–Presiding Judge: Specially Concurs.

¶ 1 I complement my colleague for taking the time to enunciate what I perceived the original holding of this Court's decision in

*Hale v. State*, 888 P.2d 1027 (Okl.Cr.1995), to be. While I sought to apply *Hale* in accordance with what I understood was the original intent, *Carter v. State*, 922 P.2d 634 (Okl.Cr.1996), I have at the same time been concerned with what appears to be an unsupported expansion beyond that original intent. *See Hammon v. State*, 898 P.2d 1287 (Okl.Cr. 1995) (Lumpkin, J., Concur in Part/Dissent in Part); *Le v. State*, 947 P.2d 535 (Okl.Cr. 1997) (Lumpkin, J., Concur in Part/Dissent in Part); *Jones v. State*, 899 P.2d 635 (Okl. Cr.1995) (Lumpkin, J., Concur in Part/Dissent in Part). Judge Lile has succeeded in providing a more objective criteria for analyzing the double punishment prohibition set forth in 21 O.S.1991, § 11. Hopefully, this objective criteria will bring about more reasoned and consistent applications of the provisions of Section 11.

CHAPEL, Judge, Concurring in Part and Dissenting in Part:

¶ 1 I disagree with the majority's disposition of Proposition I. After conducting the appropriate analysis following the statutory directive and well-settled law, I conclude that Davis's conviction for larceny from the house violates the § 11 prohibition against double punishment because the victim's purse was not stolen for its own sake; rather, Davis intended to use the keys inside the purse to steal the victim's truck.[1]

¶ 2 I write separately to take issue with the majority's unnecessary rejection of the controlling case on Oklahoma's statutory prohibition against double punishment. The opinion shows the majority simply fails to understand *Hale v. State*,[2] in which this Court summarized decades of case law to set forth a simple test for determining whether a defendant is subject to punishment twice for an act or omission. Even a cursory review of the statutory language and our subsequent cases show *Hale* expands neither the statute nor the concept of double punishment. The majority's claim that the *Hale* language has caused widespread confusion is unsupported by recent cases or filings before this Court.

1. 21 O.S.1991, § 11; *Le v. State*, 1997 OK CR 55, 947 P.2d 535, 549, *cert. denied*, 524 U.S. 930, 118 S.Ct. 2329, 141 L.Ed.2d 702 (1998).

2. 1995 OK CR 7, 888 P.2d 1027.

¶ 3 Reasonable persons may reach different results interpreting § 11 using *Hale* (or any other test), and I respect the majority's determination that Davis's conviction for larceny from a house does not violate § 11 using the *Hale* test. I am left to wonder why the majority, having reached this unremarkable conclusion, insists on fixing problems not raised as error on appeal.[3] Both parties cite *Hale* without complaint and argue that Davis's convictions do or don't violate § 11 as applied there. There is no reason to "specifically reject our prior cases" applying *Hale*. I can only conclude the majority is overreaching in order to overturn case law it doesn't like. This is exactly the sort of judicial activism members of the majority complain of in other cases.[4]

---

3. *Dodd v. State*, 1999 OK CR 29, 70 OBJ 2382, 2386 (Lumpkin, V.P.J., dissenting), *Petition for Rehearing Granted & Opinion Vacated & Withdrawn*, 70 OBJ 2952.

4. *See, e.g., Dodd*, 70 OBJ 2382, 2386, 2388 (Lumpkin, V.P.J., and Lile, J., dissenting); *Cohee v. State*, 1997 OK CR 30, 942 P.2d 211, 216–218 (Lumpkin, J, concur in part/dissent in part).