**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JERRY LEE DAVIS,

        Petitioner - Appellant,

v.

MIKE MULLIN, [*] Warden, Oklahoma
State Penitentiary,

        Respondent - Appellee.

No. 01-7152
D.C. No. 00-CV-54-S
(E.D. Oklahoma)

---

**ORDER AND JUDGMENT** [**]

---

Before **O'BRIEN** and **PORFILIO**, Circuit Judges, and **KANE**,[***] Senior District
Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

[*]    Mike Mullin replaced Gary Gibson as Warden of the Oklahoma State
Penitentiary effective March 25, 2002.

[**]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]    The Honorable John L. Kane, Senior District Judge, United States District
Court for the District of Colorado, sitting by designation.

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner seeks a certificate of appealability (COA) to obtain review of the district court's order denying his petition for a writ of habeas corpus. His petition raised six issues, all of which were considered on the merits by the Oklahoma Court of Criminal Appeals and decided against him. *Davis v. State*, 993 P.2d 124 (Okla. Crim. App. 1999) The district court reviewed the state court's decision under the appropriate standard and also concluded petitioner's claims lacked merit. Because he has not made a substantial showing of the denial of a constitutional right, we deny his application and dismiss the appeal.

In both state and district court, petitioner argued that (1) his convictions for three separate offenses violated the principles of double jeopardy and double punishment; (2) his second trial was barred by the double jeopardy clause; (3) the evidence was insufficient to support his conviction for larceny from a house; (4) his confession was involuntary because he did not waive his right to counsel and because he was not brought before a magistrate until a month after his arrest; (5) the trial court erroneously rejected requested jury instructions on the reliability of eyewitness identification testimony and the voluntariness of the confession; and (6) he was denied the right to a speedy trial.

Petitioner is not entitled to a writ of habeas corpus on any claim adjudicated on the merits by a state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Here, because the district court also rejected petitioner's constitutional claims on the merits, petitioner must demonstrate that reasonable jurists would find that decision debatable or wrong. *See Dennis v. Poppel*, 222 F.3d 1245, 1249 (10th Cir. 2000).

The Oklahoma Court of Criminal Appeals correctly considered the three offenses of which petitioner was convicted under the double jeopardy test of *Blockburger v. United States*, 284 U.S. 299, 304 (1932), and determined that each of the offenses charged contained elements the others did not. *Davis*, 993 P.2d at 125. The state court also determined that petitioner's retrial did not raise a double jeopardy issue because petitioner had moved for the mistrial based on witness testimony (in violation of a motion in limine) that was not caused by any actions of the state. Thus, the principles of *Oregon v. Kennedy*, 456 U.S. 667, 676 (1982) (only where governmental conduct was intended to goad defendant into moving for mistrial may defendant raise double jeopardy bar to second trial),

-3-

were not violated. *Davis*, 993 P.2d at 127. The state court further determined, based on a review of the record, that there was sufficient evidence to support the conviction for larceny from a house conviction. *Id.* The district court likewise reviewed the state court record and concluded the evidence was sufficient under the standards of *Jackson v. Virginia*, 443 U.S. 307 (1979). Our own review supports the conclusions of the state and district courts.

Petitioner next contends that his confession was involuntary because he asked to speak with an attorney before being questioned and did not waive his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). He further states the confession should have been suppressed because he was not taken before a magistrate until a month after his arrest. The record contains sufficient evidence to support the state court's determination that petitioner had knowingly and voluntarily waived his *Miranda* rights and that he had not asked to speak with an attorney. Under the totality of the circumstances, it is clear that the confession was voluntarily obtained. *See Miller v. Fenton*, 474 U.S. 104, 112 (1985). With regard to his claim that was not taken before a magistrate in a timely manner, the state court did not address this as a separate issue apart from a general determination that the confession was voluntary. The district court did address the matter, however, and we concur with that court's evaluation. Petitioner has failed to establish how the voluntariness of his confession, which occurred on the

-4-

day of his arrest, was affected by not appearing before a magistrate for a month. *See Castro v. Ward*, 138 F.3d 810, 821 (10th Cir. 1998).

Next, petitioner claims he was entitled to jury instructions on the issues of eyewitness testimony and the voluntariness of his confession. The Court of Criminal Appeals found no error as to the eyewitness testimony instruction and held that the lack of an instruction on the voluntariness of petitioner's confession was harmless in view of the entire record. *Davis*, 993 P.2d at 127. The district court reviewed this issue under the appropriate standard requiring that a state court conviction be set aside in a habeas proceeding only "when the errors had the effect of rendering a trial so fundamentally unfair as to cause a denial of a fair trial." *Maes v. Thomas*, 46 F.3d 979, 984 (10th Cir. 1995).

Finally, petitioner claims he was denied his right to a speedy trial. The district court properly considered the factors enumerated in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): length of the delay, reasons for the delay, petitioner's assertion of his right to a speedy trial, and prejudice. The record reflects that the delay was attributable at least in part to petitioner, who at least once offered to plead guilty but changed his mind, changed attorneys, and waited nearly thirteen months to assert his speedy trial right. Petitioner has also failed to demonstrate any prejudice occasioned by the delay. He is therefore not entitled to habeas relief on this ground.

For these and the reasons set forth by the district court in its order of October 31, 2001, the application for a certificate of appealability is DENIED, the motion for relief from paying costs or fees is DENIED, and the appeal is DISMISSED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge