IRWIN v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:IRWIN v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 IRWIN v. STATE
2018 OK CR 21
Case Number: F-2016-1161
Decided: 06/14/2018
JAMES RICHARD IRWIN, Appellant v. STATE OF OKLAHOMA, Appellee.
Cite as: 2018 OK CR 21, __ __

 

 

OPINION

LEWIS, VICE PRESIDING JUDGE:

¶1 James Richard Irwin, Appellant, was tried in a non-jury trial and convicted of Count 1, felony stalking, in violation of 21 O.S.Supp.2015, § 1173; and Counts 4 through 7, violation of a protective order, a misdemeanor, in violation of 22 O.S.2011, § 60.6, in Comanche County District Court, Case No. CF-2016-10. He also pled guilty before trial to Count 2, assault and battery, and Count 3, malicious injury to property. The Honorable Mark R. Smith, District Judge, sentenced Irwin to five (5) years imprisonment and a $1,000 fine in Count 1; ninety (90) days imprisonment, a $1,000.00 fine, and $3,028.73 restitution in Count 2; one (1) year imprisonment, a $500.00 fine, and $661.20 restitution in Count 3; and one (1) year imprisonment and a $500.00 fine in each of Counts 4 through 7, ordering the sentences in Counts 3 through 7 served concurrently.

FACTS

¶2 After a two-month relationship with the victim ended, Appellant continued to make unwanted and threatening contact with her. On one occasion, Appellant confronted and physically assaulted a male friend of the victim. That same day, Appellant vandalized the victim's car with spray paint. The victim sought an emergency order of protection against Appellant, which was served on him the following day.

¶3 In violation of the protective order, Appellant followed the victim in his truck after she left a friend's house. Appellant pulled in front of her and slammed on his brakes, forcing her to take evasive action. Appellant then pointed a handgun out the window and shot it at her car. Appellant also continued to harass the victim and violate the protective order by sending text messages and leaving notes on her car window.

ANALYSIS

¶4 In his only proposition of error, Appellant argues that his convictions for felony stalking (Count 1) in violation of a protective order, and four (4) violations of the protective order (Counts 4-7), violate the statutory prohibition against multiple punishments for a single criminal act, 21 O.S.2011, § 11, as well as the constitutional prohibition against double jeopardy. He failed to raise these objections at trial, waiving all but plain error. Simpson v. State, 1994 OK CR 40, ¶ 2, 876 P.2d 690, 692-93. Appellant must therefore show that a plain or obvious error affected the outcome of the proceeding. Hogan v. State, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923. This Court will correct plain error only where it seriously affects the fairness, integrity, or public reputation of the proceedings. Id.

¶5 Proper analysis of a section 11 claim focuses on the relationship between the crimes. If two or more crimes truly arise out of one act, section 11 prohibits prosecution and punishment for more than one crime. Section 11 does not bar the charging and conviction of separate crimes which may only tangentially relate to one or more crimes committed during a continuing course of conduct. Davis v. State, 1999 OK CR 48, ¶ 13, 993 P.2d 124, 126-27. Traditional double jeopardy analysis is conducted only if section 11 does not apply. Mooney v. State, 1999 OK CR 34, ¶ 14, 990 P.2d 875, 883.

¶6 The crime of stalking, as pertinent here, is the willful, malicious, and repeated following or harassment of another in a manner that would cause a reasonable person to feel frightened, intimidated, threatened, harassed, or molested, and which actually causes the person to feel terrorized, frightened, intimidated, threatened, harassed, or molested. 21 O.S.Supp.2015, § 1173(A)(1), (2). When the defendant stalks another while a protective order is in effect, with actual notice of the order, stalking is a felony. § 1173(B)(1). The crime of violating of a protective order includes the violation of the order after its service on the defendant. 22 O.S.2011, § 60.6(A)(1). The State concedes that Appellant's convictions for stalking and violating the protective order arise from the same criminal acts under Davis. We agree. Appellant feloniously stalked the victim by willfully, maliciously, and repeatedly harassing her in violation of the protective order. Punishment of Appellant by terms of imprisonment and fines totaling $2,000.00 for violating the protective order plainly violates section 11. Counts 4 through 7 are therefore reversed and remanded with instructions to dismiss.

DECISION

¶7 The Judgment and Sentence in Count 1 is AFFIRMED. The Judgment and Sentence in Counts 4 through 7 are REVERSED and REMANDED with instructions to dismiss. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2018), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF COMANCHE COUNTY 
HONORABLE MARK R. SMITH, DISTRICT JUDGE

 

 
 
 
 APPEARANCES AT TRIAL
 
 
 APPEARANCES ON APPEAL
 
 
 
 
 
 TERESSA WILLIAMS
 1309 W. GORE BLVD.
 LAWTON, OK 73501
 ATTORNEY FOR DEFENDANT
  
 
 
 
 RICKI J. WALTERSCHEID
 P.O. BOX 926
 NORMAN, OK 73072
 ATTORNEY FOR APPELLANT
 
 
 
 
 JORDAN CABELKA
 EVAN WATSON
 ASST. DISTRICT ATTORNEYS
 315 SW. 5TH ST.
 LAWTON, OK 73501
 ATTORNEYS FOR STATE
 
 
 MIKE HUNTER
 ATTORNEY GENERAL
 ROBERT WHITTAKER
 ASSISTANT ATTORNEY GENERAL
 313 E. 21ST ST.
 OKLAHOMA CITY, OK 73015
 ATTORNEYS FOR APPELLEE
 
 
 

OPINION BY LEWIS, V.P.J.
LUMPKIN, P.J.: Concur in Results
HUDSON, J: Concur
KUEHN, J: Concur
ROWLAND, J: Concur






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1994 OK CR 40, 876 P.2d 690, SIMPSON v. STATE
Discussed
 2006 OK CR 19, 139 P.3d 907, HOGAN v. STATE
Discussed
 1999 OK CR 48, 993 P.2d 124, Davis v. State
Discussed
 1999 OK CR 34, 990 P.2d 875, 70 OBJ 2414, Mooney v. State
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 11, Specific Statutes in Other Chapters as Governing - Acts Punishable in Different Ways
Cited
 21 O.S. 1173, Penalties for Stalking - Definitions
Discussed
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 60.6, Violation of Protective Order - Penalty
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA