ATTORNEYS AT TRIAL TROY R. COWIN, 111 N. PETERS AVE., STE. 500, NORMAN, OK 73069, COUNSEL FOR DEFENDANT
 

 COREY MINER, ASST. DISTRICT ATTORNEY, DISTRICT ATTORNEY'S OFFICE, DISTRICT 21, 201 W. GRANT ST., ROOM 15, PAULS VALLEY, OK 73075, COUNSEL FOR THE STATE
 

 ATTORNEYS ON APPEAL NANCY WALKER-JOHNSON, P.O. BOX 926, NORMAN, OK 73070, COUNSEL FOR APPELLANT
 

 MIKE HUNTER, ATTORNEY GENERAL OF OKLA., KEELEY L. MILLER, ASST. ATTORNEY GENERAL, 313 NE 21ST STREET, OKLAHOMA CITY, OK 73105, COUNSEL FOR APPELLEE
 

 SUMMARY OPINION
 

 KUEHN, VICE PRESIDING JUDGE:
 

 ¶ 1 Appellant, Jeremy Dwayne Lavorchek, was convicted by a jury in Garvin County District Court, Case No. CF-2016-114, of the following crimes, all After Conviction of a Felony:
 

 Count 1 First Degree Robbery
 

 21 O.S.2011, § 797(2)
 

 Count 2 Use of a Firearm in the Commission of a Felony
 

 21 O.S.Supp.2012, § 1287
 

 Count 3 Conspiracy to Commit a Felony
 

 21 O.S.2011, § 421
 

 Counts 4-6 Kidnapping
 

 21 O.S.Supp.2012, § 741
 

 Counts 7-9 Assault with a Dangerous Weapon
 

 21 O.S.2011, § 645
 

 ¶ 2 The jury recommended sentences of life imprisonment on all nine counts. On March 5, 2018, the Honorable Leah Edwards, District Judge, sentenced Appellant in accordance with that recommendation, and ordered Counts 2 through 9 to be served concurrently with one another, but consecutively to Count 1. Appellant must serve 85% of the sentence on Count 1 before parole eligibility. 21 O.S.Supp.2015, § 13.1(9).
 

 ¶ 3 Appellant raises eight propositions of error in support of his appeal:
 

 PROPOSITION I. APPELLANT HAS SUFFERED DOUBLE PUNISHMENT BY HIS CONVICTIONS FOR ROBBERY IN THE FIRST DEGREE AND THREE CONVICTIONS FOR ASSAULT WITH A DANGEROUS WEAPON IN VIOLATION OF DUE PROCESS AND DOUBLE JEOPARDY PROTECTIONS UNDER THE UNITED STATES CONSTITUTION AND OKLAHOMA CONSTITUTION .
 

 PROPOSITION II. APPELLANT HAS SUFFERED DOUBLE PUNISHMENT BY HIS CONVICTIONS FOR ROBBERY IN THE FIRST DEGREE AND THREE CONVICTIONS FOR KIDNAPPING IN VIOLATION OF DUE PROCESS AND DOUBLE JEOPARDY PROTECTIONS UNDER THE UNITED STATES CONSTITUTION AND OKLAHOMA CONSTITUTION .
 

 *576
 
 PROPOSITION III. APPELLANT HAS SUFFERED DOUBLE PUNISHMENT BY HIS CONVICTIONS FOR ROBBERY IN THE FIRST DEGREE AND USE OF A FIREARM DURING COMMISSION OF A FELONY IN VIOLATION OF DUE PROCESS AND DOUBLE JEOPARDY PROTECTIONS UNDER THE UNITED STATES CONSTITUTION AND OKLAHOMA CONSTITUTION .
 

 PROPOSITION IV. APPELLANT WAS DENIED HIS RIGHT TO SELF-REPRESENTATION AS GUARANTEED UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE II, SECTION 20 OF THE OKLAHOMA CONSTITUTION WHEN THE TRIAL COURT DENIED HIS CLEAR AND UNEQUIVOCAL REQUEST TO PROCEED
 
 PRO SE
 
 .
 

 PROPOSITION V. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL TO WHICH HE WAS ENTITLED UNDER THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ART. II, §§ 7 AND 20 OF THE OKLAHOMA CONSTITUTION WHEN THE TRIAL COURT FAILED TO GRANT A CONTINUANCE .
 

 PROPOSITION VI. APPELLANT WAS DENIED A FAIR SENTENCING HEARING WHEN THE TRIAL COURT IMPROPERLY CONSIDERED AGGRAVATING EVIDENCE AT FORMAL SENTENCING .
 

 PROPOSITION VII. THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING APPELLANT TO SERVE HIS SENTENCES CONSECUTIVELY, THEREFORE RESULTING IN A CONSTITUTIONALLY EXCESSIVE SENTENCE .
 

 PROPOSITION VIII. APPELLANT'S CONVICTIONS SHOULD BE REVERSED AS THE CUMULATIVE EFFECT OF ERRORS DEPRIVED HIM OF A FAIR TRIAL .
 

 ¶ 4 After thorough consideration of these issues, the briefs of the parties, and the record on appeal, we affirm. Appellant's convictions stem from an armed robbery at Legacy Drug, a pharmacy in Pauls Valley, on the morning of March 5, 2016. Two men wearing rubber masks entered the pharmacy, brandished guns, and threatened to harm the three employees if they did not cooperate. During the ordeal, the victims were physically assaulted, threatened with imminent death, and ordered to perform certain tasks. The manager was instructed to lock the store's entrance. All three victims were eventually ordered to lie on the floor, and their hands and feet were bound with duct tape and electrical cords. The two gunmen collected money and controlled drugs from the pharmacy, then left through the back door. Police, having just arrived on the scene, chased the gunmen through a local neighborhood. Appellant was seen discarding items later identified as either having been used in the robbery or taken during the crime. At trial, Appellant took the witness stand and admitted his involvement in the robbery plan (although he claimed he was not one of the gunmen who entered the pharmacy). On appeal, he does not challenge the sufficiency of the evidence to link him to the crimes.
 

 ¶ 5 In Propositions I, II, and III, which we analyze together, Appellant claims that a number of his convictions constitute double punishment, violating 21 O.S.2011, § 11(A) ("in no case can a criminal act or omission be punished under more than one section of law").
 
 [1]
 
 He claims that making threats to kill the pharmacy employees (three counts of Assault with a Dangerous Weapon) and binding them with tape and cord (three counts of Kidnapping) were merely means to the ultimate objective of taking drugs and money from the pharmacy (one count of First Degree Robbery). He also claims that because he used a firearm to instill fear in his victims during the robbery, he cannot be convicted separately for Using a Firearm in the Commission of a Felony. At trial, Appellant raised a double-punishment claim only as to the robbery and assault counts (here, Proposition I). Thus, the claims made in Propositions II and III are reviewed only for plain error. Appellant must show a
 
 *577
 
 plain or obvious deviation from a legal rule which affected his substantial rights. Even then, this Court will not grant relief unless the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings, or otherwise represents a miscarriage of justice.
 
 Barnard v. State
 
 ,
 
 2012 OK CR 15
 
 , ¶¶ 25, 31,
 
 290 P.3d 759
 
 , 767, 769.
 

 ¶ 6 Double-punishment analysis focuses on the relationship between the crimes. If the offenses truly arise out of one act, 21 O.S.2011, § 11 prohibits prosecution for more than one crime, absent express legislative intent.
 
 Barnard
 
 ,
 
 2012 OK CR 15
 
 , ¶ 27,
 
 290 P.3d at 767
 
 . While Appellant's ultimate objective may have been to rob the pharmacy, that does not insulate him from liability for other, factually distinct crimes committed along the way.
 
 See
 

 Davis v. State
 
 ,
 
 1999 OK CR 48
 
 , ¶ 13,
 
 993 P.2d 124
 
 , 126-27. Moreover, when a criminal course of conduct inflicts harm on more than one person, punishments for each victim do not constitute double punishment.
 
 Clay v. State
 
 ,
 
 1979 OK CR 26
 
 , ¶ 6,
 
 593 P.2d 509
 
 , 510,
 
 disapproved of on other grounds in
 

 Davis
 
 ,
 
 1999 OK CR 48
 
 ,
 
 993 P.2d 124
 
 .
 

 ¶ 7 Appellant and his accomplice placed three people in mortal fear for close to an hour. They did not merely point guns at the victims and demand money and drugs; they repeatedly made verbal threats, pushed the victims around, and directed each victim to do certain acts. All three victims were eventually ordered to lie face-down on the floor, where they were bound with tape and electrical cord. Only after the employees were restrained did the gunmen actually start taking drugs and cash. Considering the length of time the gunmen were in the pharmacy, and the many things they did to terrorize and restrain the victims during that time, separate punishments for Robbery, Assault with a Dangerous Weapon, and Kidnapping were not improper.
 
 Davis v. State
 
 ,
 
 2018 OK CR 7
 
 , ¶ 5,
 
 419 P.3d 271
 
 , 276 ;
 
 McElmurry v. State
 
 ,
 
 2002 OK CR 40
 
 , ¶¶ 77-82,
 
 60 P.3d 4
 
 , 23-24 ;
 
 Williams v. State
 
 ,
 
 1957 OK CR 114
 
 , ¶ 11,
 
 321 P.2d 990
 
 , 995.
 

 ¶ 8 As for Appellant's argument that he cannot be separately punished for Robbery and Use of a Firearm in the Commission of a Felony, we make three observations. First, the variant of robbery alleged by the State, 21 O.S.2011, § 797(2), does not require use of a firearm as an element of the crime. Second, while the State did allege that Appellant used "a firearm" to effectuate the robbery (Count 1), several firearms were in fact wielded throughout the event, and the State specifically named two of them in Count 2. Third, our Legislature has made it clear that punishment for using a firearm in the commission of a felony shall be "in addition to the penalty provided by statute for the felony committed or attempted." 21 O.S.Supp.2012, § 1287.
 
 See
 

 Barnard
 
 ,
 
 2012 OK CR 15
 
 , ¶ 27,
 
 290 P.3d at 767
 
 (legislative intent is key to double-punishment analysis). Appellant cites no clear, controlling authority which the trial court should have been aware of, despite defense counsel's failure to raise an objection. We therefore conclude there is no "plain or obvious" error in punishing Appellant for both crimes under these facts.
 
 Irwin v. State
 
 ,
 
 2018 OK CR 21
 
 , ¶ 4,
 
 424 P.3d 675
 
 , 676. Propositions I, II, and III are denied.
 

 ¶ 9 As to Proposition IV, while a defendant has a constitutional right to represent himself,
 
 see generally
 

 Faretta v. California
 
 ,
 
 422 U.S. 806
 
 , 818,
 
 95 S.Ct. 2525
 
 , 2532,
 
 45 L.Ed.2d 562
 
 (1975), he may not abuse the privilege by claiming it once trial is underway.
 
 Naum v. State
 
 ,
 
 1981 OK CR 76
 
 , ¶¶ 11-12,
 
 630 P.2d 785
 
 , 788 ;
 
 Day v. State
 
 ,
 
 1980 OK CR 94
 
 , ¶ 8,
 
 620 P.2d 1318
 
 , 1320. Here, the trial court did not abuse its discretion in denying Appellant's request to give closing argument, particularly since he had elected not to attend the trial until after the State had rested its case. Proposition IV is denied.
 

 ¶ 10 In Proposition V, Appellant claims that by denying defense counsel's request for a continuance, the trial court prevented counsel from delivering reasonably effective assistance as guaranteed by the Sixth Amendment to the United States Constitution. Appellant must show that counsel's performance was constitutionally deficient, and that counsel's deficient performance prejudiced the defense.
 
 Strickland v. Washington
 
 ,
 
 466 U.S. 668
 
 , 687,
 
 104 S.Ct. 2052
 
 , 2064,
 
 80 L.Ed.2d 674
 
 (1984) ;
 

 *578
 

 Bland v. State
 
 ,
 
 2000 OK CR 11
 
 , ¶ 112,
 
 4 P.3d 702
 
 , 730. Appellant claims that if the trial court had delayed the trial, defense counsel might have explored additional defenses and had more time to develop "rapport" with his client. But Appellant fails to specify what additional defenses might have been available, or that a better relationship between counsel and client would have made any difference in the outcome.
 
 [2]
 
 Because Appellant has failed to demonstrate a reasonable probability that he was prejudiced by the trial court's denial of a continuance, we cannot find counsel was rendered ineffective by the action.
 
 Phillips v. State
 
 ,
 
 1999 OK CR 38
 
 , ¶ 103,
 
 989 P.2d 1017
 
 , 1043. Proposition V is denied.
 

 ¶ 11 Propositions VI and VII deal with issues related to sentencing. The prosecutor filed a sentencing memorandum, strenuously arguing that Appellant should serve all nine life sentences consecutively. The court ordered Counts 2 through 9 to be served concurrently, but consecutively to Count 1. The information presented to the court in the prosecutor's sentencing memorandum (some of which was duplicated in the Presentence Report) was entirely proper. The court was authorized to consider evidence presented at trial, the impact of the crimes on the victims, and Appellant's entire criminal history in deciding how to implement the sentences imposed by the jury. 21 O.S.2011, § 142A
 
 et seq
 
 . ; 22 O.S.Supp.2017, § 982.
 

 ¶ 12 Appellant's reliance on
 
 Malone v. State
 
 ,
 
 2002 OK CR 34
 
 ,
 
 58 P.3d 208
 
 , is inapposite.
 
 Malone
 
 addressed what information is relevant to a fact-finder's verdict. "[W]hen the defendant has demanded the jury to assess punishment or the trial judge has allowed the jury to assess punishment, there simply is no provision allowing for mitigating evidence to be presented
 
 in the sentencing stage of the trial
 
 ."
 
 Id
 
 . at ¶ 7,
 
 58 P.3d at 210
 
 (emphasis added). At issue here is what information is admissible at
 
 sentencing hearings
 
 , held after the jury has rendered its verdict. Appellant neither disputes the trial court's authority to order consecutive or concurrent service of sentences as it sees fit, nor does he dispute that the prosecutor's memorandum and argument went only to that issue.
 

 ¶ 13 The trial court's focused decision to reject the prosecutor's request, and group most of Appellant's sentences for concurrent service, was to Appellant's benefit and hardly an abuse of discretion.
 
 Kamees v. State
 
 ,
 
 1991 OK CR 91
 
 , ¶ 21,
 
 815 P.2d 1204
 
 , 1208-09,
 
 overruled on other grounds in
 

 Davis
 
 ,
 
 2018 OK CR 7
 
 , ¶ 26,
 
 419 P.3d at 281
 
 . Propositions VI and VII are denied.
 

 ¶ 14 Finally, since we have identified no error in the preceding propositions, there can be no error by accumulation.
 
 Clayton v. State
 
 ,
 
 1995 OK CR 3
 
 , ¶ 27,
 
 892 P.2d 646
 
 , 657. Proposition VIII is denied.
 

 DECISION
 

 ¶ 15 The Judgment and Sentence of the District Court of Garvin County is
 
 AFFIRMED
 
 . Pursuant to Rule 3.15,
 
 Rules of the Oklahoma Court of Criminal Appeals
 
 , Title 22, Ch.18, App. (2019), the
 
 MANDATE
 
 is
 
 ORDERED
 
 issued upon the delivery and filing of this decision.
 

 LEWIS, P.J.: CONCUR
 

 LUMPKIN, J.: CONCUR
 

 HUDSON, J.: CONCUR
 

 ROWLAND, J.: CONCUR
 

 [1]
 

 While Appellant occasionally uses the term "double jeopardy" in these three claims, he never elaborates on how the crimes violate the constitutional protection from double jeopardy.
 
 See generally
 

 Blockburger v. United States
 
 ,
 
 284 U.S. 299
 
 , 304,
 
 52 S.Ct. 180
 
 , 182,
 
 76 L.Ed. 306
 
 , 309 (1932) ;
 
 Logsdon v. State
 
 ,
 
 2010 OK CR 7
 
 , ¶ 19,
 
 231 P.3d 1156
 
 , 1165. This Court will not undertake the analysis for him.
 
 Cuesta-Rodriguez v. State
 
 ,
 
 2011 OK CR 4
 
 , ¶ 12,
 
 247 P.3d 1192
 
 , 1197 (on rehearing); Rule 3.5(A)(5) and (C)(1),
 
 Rules of the Oklahoma Court of Criminal Appeals
 
 , Title 22, Ch.18, App. (2019). In focusing instead on the statutory "double punishment" protection of 21 O.S. § 11, Appellant observes that it has a "wider scope" than its constitutional cousin because it considers the "relationship" between the crimes.
 

 [2]
 

 Again, we note that Appellant refused to attend most of his own trial, and testified before the jury (against counsel's advice), admitting his involvement in the crimes. From our review of the record, counsel performed admirably and zealously for his client. The record also shows that Appellant had difficulty getting along with several prior attorneys appointed to his case.